UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>THE NOME RETAIL GROCERYMEN'S ASSOCIATION; THE NORTHWESTERN COMMERCIAL COMPANY, A CORPORATION; THE BEAU MERCANTILE COMPANY, A CORPORATION; ARCHER EWING & COMPANY, A CORPORATION; THE ALASKA MERCANTILE COMPANY; A. CARLIS AND S. CARLIS, COPARTNERS AS CARLIS BROS.; H. P. KING AND H. P. KING, JR., COPARTNERS AS KING & KING; IRA M. RANK; M. E. ATKINSON; W. W. EWING; J. P. PARKER; A. POLET; C. LUCCI; FRED BROOMER; THORULF LEHMAN; BIANCHI; EUGENE ANDRUCETTE; ISAIAH NEWENS AND H. J. GLANDEN, COPARTNERS AS NEWENS & GLANDEN, Defendants;<br><br>v.<br><br>ODOM COMPANY; ANCHORAGE COLD STORAGE CO., INC.; and ALASKA DISTRIBUTORS COMPANY, Defendants. | Civil No. 1449<br><br><br><br><br><br><br><br><br><br>Civil Action No. A-13 72 |

**THE UNITED STATES' MOTION TO
TERMINATE LEGACY ANTITRUST JUDGMENTS**

The United States moves to terminate the judgments in each of the two above-captioned antitrust cases pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The United States has concluded that because of their age and changed circumstances since their entry, these

judgments—which were issued 113 and 45 years ago, respectively—no longer serve to protect competition. The United States gave the public notice and the opportunity to comment on its intent to seek termination of the judgments; it received no comments opposing termination. For these and other reasons explained below, the United States requests that these judgments be terminated.

Since 1979, the Antitrust Division of the United States Department of Justice ("Antitrust Division") has generally followed a policy of including in each judgment a term automatically terminating the judgment after no more than ten years.[1] This policy was based on the United States' experience enforcing the antitrust laws, an experience that has shown that markets almost always evolve over time in response to competitive and technological changes in ways that render long-lived judgments obsolete. Antitrust judgments entered before implementation of the 1979 policy often contained no termination clause and hundreds of such judgments remain in force today. The Antitrust Division recently implemented a program to review and, when appropriate, seek termination of these legacy judgments, including the judgments in the above-captioned cases. The Antitrust Division described its Judgment Termination Initiative in a statement published in the Federal Register.[2] In addition, the Antitrust Division established a website to keep the public apprised of its efforts to terminate perpetual judgments that no longer serve to protect competition.[3]

This Court has jurisdiction to terminate the judgments in the above-captioned antitrust cases. Federal Rule of Civil Procedure 60(b)(5) and (b)(6) states that, "[o]n motion and just

---

[1] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.
[2] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.
[3] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination (last updated Feb. 7, 2019).

terms, the court may relieve a party . . . from a final judgment . . . (5) [when] applying it prospectively is no longer equitable; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6); *accord Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004) (explaining that Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances" and that "district courts should apply a 'flexible standard' to the modification of consent decrees when a significant change in facts or law warrants their amendment"); *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008) ("Rule 60(b)(5) . . . 'codifies the long-established principle of equity practice that a court may, in its discretion, take cognizance of changed circumstances and relieve a party from a continuing decree.'"); *U.S. for Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir. 1994) ("Rule 60(b)(6) [is] a catchall rule for granting relief from final judgments where justice so requires."); *cf. United States v. The Wachovia Corp.*, Case No. 3:75-cv-2656 (W.D.N.C. Dec. 17, 2018) (terminating a legacy antitrust judgment); *United States v. Capital Glass & Trim Co.*, Case No. 3679N (M.D. Ala. Dec. 17, 2018) (same); *In re: Termination of Legacy Antitrust Judgments*, No. 2:18-mc-33 (E.D. Va. Nov. 21, 2018) (terminating 5 legacy antitrust judgments); *United States v. Am. Amusement Ticket Mfrs. Ass'n*, Case 1:18-mc-00091 (D.D.C. Aug. 15, 2018) (terminating 19 legacy antitrust judgments). The judgments, copies of which are included in Exhibit A, satisfy those standards; hence, termination is appropriate.

The older of the two judgments, *United States v. The Nome Retail Grocerymen's Ass'n*, Civil No. 1449 (D. Alaska Feb. 8, 1906), is 113 years old. The judgment enjoins more than a dozen individuals and entities from fixing grocery prices and orders the dissolution of The Nome Retail Grocerymen's Association.

In addition to the judgment's age, other reasons weigh heavily in favor of terminating this century-old judgment, including that (1) nearly every defendant, including The Nome Retail Grocerymen's Association, appears to no longer exist; (2) the judgment's ongoing prohibitions target that which the antitrust laws already prohibit (price fixing); and (3) market conditions likely have changed, rendering the judgment obsolete. Based on this assessment, the Antitrust Division gave the public notice of—and the opportunity to comment on—its intention to seek termination of the judgment.[4] No response regarding this judgment was received.

The judgment in *United States v. Odom Co.*, Civil Action No. A-13 72 (D. Alaska Nov. 5, 1973) is more than 45 years old. The judgment's most notable perpetual provisions prohibit price fixing or facilitating price fixing in the market for alcoholic beverages. The judgment also includes various expired terms, such as provisions requiring the defendants to educate their employees about the judgment within 90 days, to certify compliance within 120 days, and to report annually to the United States for ten years on the steps that the defendants have taken to advise their employees of their obligations under the judgment.

In addition to the judgment's age, other reasons weigh heavily in favor of terminating this decades-old judgment, including that (1) all the judgment's time-limited requirements have elapsed; (2) the judgment's only ongoing prohibitions target that which the antitrust laws already prohibit (price fixing); and (3) market conditions likely have changed, rendering the judgment obsolete. Based on this assessment, the Antitrust Division gave the public notice of—and the

---

[4] *Legacy Antitrust Judgment: U.S. v. The Nome Retail Grocerymen's Association, et al.*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/legacy-antitrust-judgment-the-nome-retail-grocerymens-association-et-al (last updated Aug. 14, 2018).

opportunity to comment on—its intention to seek termination of the judgment.[5] No response regarding this judgment was received.

For these reasons, the United States believes termination of the judgments in the two above-captioned antitrust cases is appropriate and respectfully requests that the Court enter an order terminating them. A proposed order terminating the judgments is attached as Exhibit B.

Respectfully submitted,

Dated: February 7, 2019

_R. Cameron Gower_ (signature)

R. Cameron Gower (NY Bar No. 5229943)
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 286-0159
Email: richard.gower@usdoj.gov

---

[5] *Legacy Antitrust Judgment: U.S. v. Odom Company, et al.*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/legacy-antitrust-judgment-odom-company-et-al (last updated Aug. 14, 2018).